IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


VIRGINIA GRAHAM                                                                          PLAINTIFF


         v.                              CIVIL NO. 10-5144


MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                           DEFENDANT


**MEMORANDUM OPINION**

Plaintiff, Virginia Graham, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for SSI on December 21, 2007, alleging an inability to work since July 1, 2005, due to morbid obesity, degenerative joint disease, irritable bowel syndrome, back pain, depression, and learning disabilities. (Tr. 101-103, 197-198). An administrative hearing was held on March 19, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 16-46).

By written decision dated September 17, 2009, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 55). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative joint disease of the knees and depression. However, after reviewing all of the evidence presented, she determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 55). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 416.967(a) except she cannot climb ladders, ropes, or scaffolds. She can occasionally crawl and kneel. She can perform unskilled work.

(Tr. 57). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a production/assembly worker, an escort vehicle driver, and a charge account clerk. (Tr. 60).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on July 2, 2010. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8,9).

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d

AO72A
(Rev. 8/82)

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national

AO72A
(Rev. 8/82)

economy given her age, education, and experience. See 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § 416.920.

### III. Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In determining that Plaintiff could perform sedentary work with limitations, the ALJ stated that she concurred "with the opinions of the state agency consultants who provided assessments at the initial and reconsideration levels and notes that they also support a finding of 'not disabled'." (Tr. 59). A review of the record reveals that three non-examining medical

consultants completed RFC assessments on February 11, 2008, April 21, 2008, and July 15, 2008, respectively. (Tr. 251-258, 308-315, 329). Two of the assessments indicated that Plaintiff could perform sedentary work, the third assessment does not support the ALJ's RFC finding.

A review of the February 11, 2008 RFC assessment completed by Dr. Jerry Thomas, a non-examining medical consultant, revealed Dr. Thomas's opinion that Plaintiff could sit about six hours in an eight-hour work day; and could stand and/or walk for a total of less than two hours in an eight-hour work day. Dr. Thomas specifically stated that Plaintiff could "stand and walk less than 1 h[ou]r in an 8[-] h[ou]r workday." (Tr. 252). A simple addition of these hours reveals that Dr. Thomas found Plaintiff could perform work for less than eight hours in a work day which does not support a RFC finding that Plaintiff can perform sedentary work with limitations. See SSR 96-9p, 1996 WL 374185, at *2 (Soc.Sec.Admin. July 2, 1996)(RFC is the individual's maximum remaining ability to perform sustained work on a regular and continuing basis; i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule).

It appears Dr. Thomas's assessment is also in line with Dr. C.R. Magness's opinion that Plaintiff was severely limited in her ability to stand, walk, lift or carry due to her morbid obesity; and that Plaintiff had a poor ability to stand and walk without an assistive device. (Tr. 243-248). The Court notes that when the ALJ addressed Dr. Magness's opinion, she found this opinion to be unclear as Dr. Magness did not fully describe Plaintiff's gait and station and failed to mention if Plaintiff came to the office with an assisted device. (Tr. 58). As it appears that Plaintiff may indeed need an assistive device to ambulate; that the ALJ found the only examining physician's opinion that addressed whether Plaintiff needed an assistive device was unclear; and that there is some question as to whether Plaintiff can complete an eight-hour work day, the Court finds

AO72A
(Rev. 8/82)

remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's physical RFC.

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated Plaintiff, asking the physicians to review Plaintiff's medical records; to complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and to give the objective basis for their opinions so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. Specifically, the ALJ is directed to ask the above physicians to opine as to whether Plaintiff needs an assistive device to ambulate.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

**IV.  Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 30th day of August 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE